Chief Magistrate Judge James P. Donohue

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE MCCOLLUM,<br><br>Defendant. | NO. MJ15-543<br><br>COMPLAINT FOR VIOLATION<br><br>18 U.S.C. §§ 2252(a)(2); (a)(4)(B) and (b)(2). |

BEFORE, The Honorable James P. Donohue, Chief United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

## COUNT 1
### (Receipt of Child Pornography)

On a date unknown, but no later than November 6, 2015, in Seattle, within the Western District of Washington, and elsewhere, LAWRENCE MCCOLLUM did knowingly receive, and attempt to receive, visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, using any means and facility of interstate and foreign commerce and which images had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

COMPLAINT/Lawrence McCollum - 1

All in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT 2
### (Possession of Child Pornography)

On December 2, 2015, in Seattle, within the Western District of Washington, and elsewhere, LAWRENCE MCCOLLUM did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed, shipped, and transported using any means or facility of interstate or foreign commerce and in and affecting interstate and foreign commerce, and which had been produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the images of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

I, Scott Sutehall, being duly sworn, state:

## I. INTRODUCTION

2. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Seattle, Washington field office. I have been a Special Agent with the U.S. Department of Homeland Security since 2008. In my capacity as a Special Agent, I am responsible for conducting investigations into the numerous federal laws enforced by HSI. Since 2013, I have investigated criminal violations relating to child exploitation and child pornography, including violations pertaining to the unlawful production, importation, distribution, receipt, attempted receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252(a), and 2252A(a). I am a

COMPLAINT/Lawrence McCollum - 2

700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  graduate of the Federal Law Enforcement Training Center (FLETC), HSI Special Agent
2  Training Program, and have received further specialized training in investigating child
3  pornography and child exploitation crimes. I have had the opportunity to observe and
4  review thousands of examples of child pornography (as defined in 18 U.S.C. § 2256(8)).
5  I have participated in the execution of many search warrants which involved child
6  exploitation and/or child pornography offenses and the search and seizure of computers
7  and other digital devices. Further, I have served as the affiant on numerous search
8  warrants and complaints relating to child exploitation investigations. I am a member of
9  the Internet Crimes Against Children (ICAC) Task Force in the Western District of
10 Washington, and work with other federal, state, and local law enforcement personnel in
11 the investigation and prosecution of crimes involving the sexual exploitation of children.

     3.     The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

     4.     Because this Complaint is submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are relevant to the determination of probable cause to believe that LAWRENCE MCCOLLUM has committed violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1) (Receipt of Child Pornography) and Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography).

## II. SUMMARY OF INVESTIGATION

5.      P2P file sharing is a method of communication available to Internet users through the use of special software programs. P2P file sharing programs allow groups of computers using the same file sharing network and protocols to transfer digital files from one computer system to another while connected to a network, usually on the Internet. There are multiple types of P2P file sharing networks on the Internet. To connect to a particular P2P file sharing network, a user first obtains a P2P client software program for a particular P2P file sharing network, which can be downloaded from the Internet.

6.      In general, P2P client software allows the user to set up file(s) on a computer to be shared on a P2P file sharing network with other users running compatible P2P client software. A user can also obtain files by opening the P2P client software on the user's computer and conducting a keyword search for files that are of interest and currently being shared on the P2P file sharing network. The results of the keyword search are displayed to the user. The user then selects file(s) from the results that he wishes to download. The download of a file is achieved through a direct connection between the computer requesting the file and one or more computers on the same P2P network containing the file.

7.      Files being shared by P2P clients are processed by the client software. As part of this processing, a hashed algorithm value is computed for each file being shared, which uniquely identifies it on the network. A file processed by this hash algorithm operation results in the creation of an associated hash value often referred to as a digital signature. Some hash algorithms provide a certainty exceeding 99.99 percent that two or more files with the same hash value are identical copies of the same file regardless of their file names.

8.      A computer running P2P client software has an IP address assigned to it while it is connected to the Internet. Investigators are able to see the IP address of any

computer system sharing files. Investigators can then search public records that are available on the Internet to determine the specific ISP who has assigned that IP address to that computer. ISP's maintain logs and records which reflect the specific IP addresses it assigned to specific computers that connect to the Internet through that ISP at any given moment. Based upon the IP address assigned to the computer sharing files, subscriber information then can be obtained from the ISP which contains identifying information of the individual to whom the account is registered.

9. Based on my training and experience, P2P file sharing networks, including the Ares P2P network, are frequently used to trade digital files depicting child pornography, including both image and video files.

## IV. STATEMENT OF PROBABLE CAUSE

10. On November 6, 2015, while acting in an undercover capacity, I utilized a law enforcement version of Ares, a commonly used P2P file sharing program, to monitor for P2P users possessing and distributing image and video files depicting child pornography. I utilized the law enforcement version of Ares to download two files depicting child pornography from a P2P user at IP address 73.53.124.189 (the SUBJECT IP ADDRESS).

11. On November 6, 2015, between approximately 12:35 PM Pacific Standard Time (PST) and 1:31 PM (PST), while acting in an undercover capacity, I utilized the law enforcement version of Ares to establish a single source connection with a user at the SUBJECT IP ADDRESS, who was determined to be in possession of a known child pornography video file entitled "[boy+may-spongebob] man sucks jared.mpg" (hereinafter the "subject video file"). The law enforcement version of Ares initiated a download of the subject video file and successfully downloaded the entire file from the user at the SUBJECT IP ADDRESS.

12. I have observed the subject video file. Based on my training and experience, the file meets the federal definition of child pornography, as defined in 18

U.S.C. § 2256(8), as it depicts lascivious exhibition of the genitals or pubic areas of a minor child, and/or a minor child engaged in sexually explicit conduct. I have described the subject video file below:

> **Filename: [boy+man-spongebob] man sucks jared.mpg**
> This color video, four minutes and 44 seconds in length, depicts a white prepubescent male (hereinafter the "child victim") lying on his back on what appears to be the floor. The child victim's legs are spread, fully exposing his penis, genital area, and anus. The video camera, which appears to have been placed on the floor, is in very close proximity to the child victim's genital area. The child victim, naked, is visible in the video from his stomach area to his thighs. At the beginning of the video, the child victim is touching his erect penis. At approximately 36 seconds into the video, a male, possibly an adult, spits on and then touches the child victim's penis. At approximately 54 seconds into the video, the male repositions the child victim's body so that the camera is focused squarely on the child victim's genital area. At approximately one minute and 20 seconds into the video, the male puts the child victim's penis in his mouth, and continues to do this for more than one minute. The child victim has no visible pubic hair and is small in stature compared to the other male in the video. The child victim is approximately 8-10 years old.

13.  On November 6, 2015, between approximately 1:31 PM (PST) and 2:16 PM (PST), while acting in an undercover capacity, I utilized the law enforcement version of Ares to establish a single source connection with a user at the SUBJECT IP ADDRESS, who was determined to be in possession of a known child pornography video file entitled "6-7 yr old man boy bj.mpg" (hereinafter the "subject video file 2"). The law enforcement version of Ares initiated a download of the subject video file 2 and successfully downloaded the entire file from the user at the SUBJECT IP ADDRESS.

14.  I have observed the subject video file 2. Based on my training and experience, the file meets the federal definition of child pornography, as defined in 18 U.S.C. § 2256(8), as it depicts lascivious exhibition of the genitals or pubic areas of a minor child, and/or a minor child engaged in sexually explicit conduct. I have described the subject video file 2 below:

**Filename: 6-7 yr old man boy bj.mpg**
This color video, two minutes and 29 seconds in length, depicts a white, minor male (hereinafter the "child victim") sitting in the lap of an adult male. During the video, the child victim puts his hand on the male's erect penis, and inserts the male's erect penis into his mouth. The child victim is wearing a t-shirt, but is not wearing pants. The child victim can be seen in the video from the top of his forehead to his thighs; however, it is unclear if the child victim is wearing underwear, because his t-shirt and shadows obstruct his genital area. The adult male and child victim are speaking to each other during the video, but the language is not English. While you cannot see the child victim's genital area, the child victim is very young in appearance and small in stature compared to the adult male. The child victim is approximately 6-9 years old.

15. A query of a publicly available database revealed the SUBJECT IP ADDRESS belonged to ISP Comcast Communications. On November 12, 2015, a Department of Homeland Security (DHS) administrative summons was submitted to Comcast requesting subscriber information for the SUBJECT IP ADDRESS during the date and times the subject video files were downloaded.

16. On November 20, 2015, Comcast provided the requested information. On the date and times the subject video files were downloaded, the SUBJECT IP ADDRESS was assigned to LAWRENCE MCCOLLUM at the residence located at 6664 Corson Ave S Apt 8, Seattle, Washington 98108 (the SUBJECT PREMISES).

17. Criminal history records checks for LAWRENCE MCCOLLUM revealed that he is a registered sex offender in Washington State. I obtained and reviewed court documents from Grays Harbor County and King County and learned the following.

18. In January 1987, while babysitting his friends' children, LAWRENCE MCCOLLUM orally raped a seven year old male victim at the victim's house in Aberdeen, Washington. In July 1987, in Grays Harbor County Superior Court, LAWRENCE MCCOLLUM pleaded guilty to one count of RCW 9A.44.070, Statutory Rape in the First Degree. In September 1987, LAWRENCE MCCOLLUM was sentenced to 36 months imprisonment.

19. In October 1991, LAWRENCE MCCOLLUM orally and anally raped two minor male victims, ages eight and 11, at a residence in Seattle, Washington. In January 1992, in King County Superior Court, LAWRENCE MCCOLLUM pleaded guilty to four counts of RCW 9A.44.073, Rape of Child in the First Degree. In February 1992, LAWRENCE MCCOLLUM was sentenced to 210 months imprisonment.

20. On November 30, 2015, I obtained a federal search warrant from Chief Magistrate Judge James P. Donohue. I, along with other law enforcement, executed the search warrant at the residence of LAWRENCE MCCOLLUM on December 2, 2015.

21. Myself and SA Dan Huynh interviewed LAWRENCE MCCOLLUM at approximately 7:30 a.m. on December 2, 2015. I showed LAWRENCE MCCOLLUM a copy of the search warrant and read him his Miranda rights. He stated that he understood his rights and agreed to speak with agents. During the interview LAWRENCE MCCOLLUM admitted to using the Ares and Shareaza P2P file sharing programs to download Child Pornography (CP) to his computer. LAWRENCE MCCOLLUM stated that he would masturbate when viewing the downloaded CP files. LAWRENCE MCCOLLUM stated that immediately after downloading the CP files, he would transfer the files to a USB thumb drive, and then delete the files from his computer. LAWRENCE MCCOLLUM stated that the CP files would be located on a USB thumb drive in a pair of pants that were in a drawer in his bedroom. Law enforcement agents located a Lexar USB thumb drive where LAWRENCE MCCOLLUM stated that it would be found. During the onsite preview of the thumb drive by CFA, agents located files depicting CP. I have observed some of those files and describe two of the files below:

**Video 1: Filename: 10 yo boy man fuck (deniska)(2).wmv**

This color video, approximately 9 minutes 35 seconds in length, depicts a minor male (hereinafter the "child victim") being sexually abused by an adult male. During the video, the child victim's naked body can be from

the top of his head to his feet. During the video, the adult male inserts his erect penis into the child victim's mouth. The adult male touches the child victim's penis and genital area, and appears to push his penis against or into the child victim's anus. The adult male also appears to put the child victim's penis in his mouth, although his body is blocking the view of the camera. The child victim has no visible pubic hair and is small in stature compared to the male. The child victim is approximately 9 to 11 years old, consistent with the filename.

**Video 2: Filename: 2011 young boy bondage with pedo man, very very good and hot. A must have!!!.avi**

This color video, 24 minutes and 56 seconds in length, depicts a minor male (hereinafter the "child victim") being sexually abused by an adult male. During the video, the child victim's naked body can be seen from the top of his head to his lower thighs. During the video, the adult male inserts his erect penis into the child victim's mouth, pushes his erect penis against the child victim's anus, and puts the child victim's penis into his mouth. The adult male also blindfolds the child victim, ties the child victim's ankles together with rope, and straps something around the child victim's testicles. The child victim has no visible pubic hair and is small in stature compared to the adult male. The child victim is approximately 10-13 years old.

22.     The Lexar thumb drive was not manufactured in the state of Washington

### III.     CONCLUSION

23.     Based on the above facts, I respectfully submit that there is probable cause to believe that LAWRENCE MCCOLLUM did knowingly and unlawfully possess and

receive child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), and (a)(4)(B).

_____
Scott Sutehall
Special Agent, HSI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Sworn to before me and subscribed in my presence, this 2nd day of December, 2015.

_____
JAMES P. DONOHUE
Chief United States Magistrate Judge